## (February 23, 1968)

■ HARRY M. THAYER et al., Appellants, v. RAYMOND W. GARRAGHAN, as Mayor of the City of Kingston, et al., Respondents.— HERLIHY, J. Appeal from an order of the Supreme Court, Special Term, which confirmed a plan for redistricting the Common Council of the City of Kingston. The appellants would have a system of Aldermen at Large elected until the 1970 Federal census figures are available in the place and stead of the plan submitted by the city. Upon a prior appeal in this action, the city was directed to submit a plan for districting its Common Council based on Federal census figures and in conformity with proper standards of distribution (28 A D 2d 584, 585). Appellants contend that the plan *sub judice* was not prepared in compliance with the direction of this court in that the population figures utilized were not duly certified by the Bureau of the Census. The results of the most recent Federal census, conducted in 1960, were certified on a ward basis. However, the bureau did make available certain additional information, consisting of a division of the city's 1960 population into 36 enumeration districts. In our opinion, the city properly relied on such population data as the basis for its districting plan, and was not limited to population figures formally certified by the Federal bureau. The plan deviates from

official population data in but three instances, in that certain enumeration districts were divided between councilmanic districts, thus requiring an estimation of the population in each segment of the district so divided. Respondents allege that the population assigned to each segment was verified by the Bureau of the Census. Presently, the appellants' argument is somewhat tenuous in the contention that the certified Federal and State census figures were not used, but rather population estimates. This is so, but still it is not so. Basically the 1960 Federal census figures were used. It then appears, without dispute, that the respondents sought the aid and advice of the Census Bureau in adjusting its figures so as to form wards in the city which would be properly apportioned. As a result of the co-operation of the various agencies a plan was formulated outlining newly formed wards based upon official census figures, as adjusted so that the over-all plan as submitted had a minimum district of 2,029 persons, an average factor or norm as to total population of 2,251 persons, and a maximum district of 2,419 persons. Another approach, somewhat novel, is to consider that the population of the divided enumeration districts (3,241) is approximately 10% of the total population of the city, with the result that errors, if any, in assigning population figures to the various councilmanic districts, are *de minimis*. Assuming the reasonable accuracy of the population figures used by the city, the proposed plan achieved substantial equality of population among the various districts created in the light of its previous apportionment and the relative closeness of the 1970 census. Apportionment, as such, is still subject to further adjustment, judicial and otherwise, and each decision is determined upon an *ad hoc* basis. While not necessary to this decision, *Seaman* v. *Fedourich* (16 N Y 2d 94) is neither controlling nor decisive. Applicable to the diligence of the Common Council of the City of Kingston is the admonition of the United States Supreme Court in *Roman* v. *Sincock* (377 U. S. 695, 710), where it was stated: " the proper judicial approach is to ascertain whether, under the particular circumstances existing in the individual State whose legislative apportionment is at issue, there has been a faithful adherence to a plan of population-based representation, with such minor deviations only as may occur in recognizing certain factors that are free from any taint of arbitrariness or discrimination." That rule seems suitable to the present facts. It should be noted that Special Term approved the plan as an intermediate measure pending the availability of the results of the 1970 census. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J.